UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:11-CV-83-H

KEVIN W. ROSS                                                                                    PLAINTIFF

V.

RES-CARE, INC., et al.                                                                      DEFENDANT(S)

**MEMORANDUM OPINION AND ORDER**

Plaintiff alleges that Res-Care, Inc. ("Res-Care") and its subsidiary, Res-Care Kansas, Inc., violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*, by obtaining his consumer background report without his authorization and using it to deny him employment. Discovery has been completed and Defendants have moved for summary judgment on all counts asserted against Res-Care.[1] For the reasons explained below, the Court will deny Defendants' dispositive motion.

**I.**

In March of 2009, Plaintiff applied for employment with Res-Care Kansas. After completing his application and interview, Plaintiff accepted a conditional offer of employment. As a final part of the application process, Plaintiff's consumer background report was ordered from a third party which revealed a prior criminal conviction. Defendants revoked their conditional offer of employment based on the discovered conviction. Plaintiff sued, claiming that Defendants violated the FCRA by failing to secure his authorization before ordering his

---

[1] Defendants also moved for summary judgment on Counts V and VI of the Complaint, but the parties have stipulated to these dismissals, so the Court need not address them.

background report and by subsequently failing to provide him with notice that adverse action would be taken against him as a result of the report.

## II.

Summary judgment is proper when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (2011). In making this determination, the Court views the evidence in a light most favorable to the nonmoving party and allows it the benefit of all reasonable inferences. *Smith v. Wholesale Co., Inc. v. R.J. Reynolds Tobacco Co.*, 477 F.3d 854, 861 (6th Cir. 2007). The nonmoving party, however, "must do more than simply show that there is some metaphysical doubt as to the material facts," and "it must present significant probative evidence in support of its complaint to defeat the motion for summary judgment." *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Expert Masonry, Inc. v Boone Cnty., Ky.*, 440 F.3d 336, 341 (6th Cir. 2006)) (internal quotation marks omitted). "A mere scintilla of evidence is insufficient; there must be evidence on which the jury could reasonably find for the non-moving party." *Id.* (quoting *Kessler v. Visteon Corp.*, 448 F.3d 326, 329 (6th Cir. 2006)) (internal quotation marks omitted).

## III.

Res-Care, the parent company of Res-Care Kansas, seeks to dismiss all claims against it on the basis that it is not a proper defendant in this case. The FCRA prohibits someone from procuring a consumer report, or from causing a consumer report to be procured, unless "a clear and conspicuous disclosure has been made in writing to the consumer . . . before the report is procured," and "the consumer has authorized in writing . . . the procurement of the report by that

person." 15 U.S.C. § 1681b(b)(2)(A) (2010).  Similarly, the FCRA requires that employers provide notice to prospective employees before adverse actions, on the basis of information revealed in consumer reports, are taken against them.  *Id.* §§ 1681b(b)(3)(A)(i), (ii).  At this juncture, the Court must determine whether Plaintiff's consumer report was procured, or caused to be procured, by parent-company Res-Care and whether Res-Care took adverse action against Plaintiff.  If a jury could affirmatively answer either of these questions, Res-Care is a proper defendant in this case.

According to Defendants, Res-Care is not a proper defendant because Plaintiff applied for employment with Res-Care Kansas, was interviewed by Res-Care Kansas employees, and was ultimately denied employment by Res-Care Kansas.  Although Plaintiff concedes that he applied to work at the Res-Care Kansas location, he alleges that Res-Care controlled the application and interview processes, ordered his consumer report, and took adverse employment action against him.  To support this finding, Plaintiff alleges that he was subjected to a standardized screening process governed by policies and procedures promulgated by Res-Care, that he applied for employment using a standard application which is utilized by all Res-Care facilities, and that Res-Care policies require subsidiaries, like Res-Care Kansas, to seek approval from the parent company for exceptional employment decisions or to revoke conditional employment offers such as the one revoked from Plaintiff.  Finally, Plaintiff alleges that Res-Care is in privity with HireRight, the third-party company that generates prospective employees' consumer reports.  For these reasons, he argues that Res-Care is responsible for the alleged FCRA violations.

Although parent corporations are not generally liable for the acts of their subsidiaries,

3

*United States v. Bestfoods*, 524 U.S. 51, 61 (1998), the question presented here is whether Res-Care's own actions and involvement in Res-Care Kansas's hiring practices are sufficient to hold it directly responsible for the claims Plaintiff asserts.  To answer this question, the Court need not determine whether Res-Care *actually* made the decisions to request Plaintiff's consumer report or deny him employment.  It is only necessary to determine that a genuine dispute exists as to this material fact.  The Court easily concludes that one does.  Based on Plaintiff's factual allegations, a jury could conclude that Res-Care promulgates and controls the hiring practices of Res-Care Kansas and is the party responsible for both procuring Plaintiff's consumer report and denying him employment.  Therefore, Res-Care is a proper defendant to Plaintiff's FCRA claims and should not be dismissed.

For the reasons stated and being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment is DENIED.

cc:   Counsel of Record