**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | |
|---|---|
| **KEVIN W. ROSS, on Behalf of Himself and All Others Similarly Situated,** | |
| Plaintiffs, | CASE NO. 3:11-CV-00083-JGH |
| vs. | |
| **RES-CARE, INC., et al,** | UNITED STATES DISTRICT JUDGE JOHN G. HEYBURN II |
| Defendants. | |

## MOTION FOR LEAVE TO FILE FIRST AMENDED CLASS ACTION COMPLAINT

Now comes the plaintiff, Kevin W. Ross, on behalf of himself and all other similarly situated individuals, and respectfully moves the Court for leave to file his First Amended Class Action Complaint pursuant to Civ.R.15(a)(2), attached hereto. A supporting memorandum is attached hereto and incorporated herein.

Respectfully submitted,

STUMPHAUZER, O'TOOLE, McLAUGHLIN, McGLAMERY & LOUGHMAN CO., LPA

By:   /s/ Matthew A. Dooley
Matthew A. Dooley (admitted pro hac vice)
Dennis M. O'Toole  (admitted pro hac vice)
Anthony R. Pecora   (admitted pro hac vice)
5455 Detroit Road
Sheffield Village, Ohio  44054
Telephone:      (440) 930-4001
Facsimile:      (440) 934-7208
Email:          mdooley@sheffieldlaw.com
                dotoole@sheffieldlaw.com
                apecora@sheffieldlaw.com

and

CONSUMER LITIGATION ASSOCIATES, P.C.

/s/ Leonard A. Bennett
Leonard A. Bennett (admitted pro hac vice)
763 J. Clyde Morris Boulevard
Suite 1A
Newport News, Virginia 23601
Telephone:     (757) 930-3660
Facsimile:     (757) 930-3662
Email:          lenbennett@clalegal.com

*Counsel for Kevin Ross and the putative Class*

## MEMORANDUM IN SUPPORT

### I.     PROCEDURAL BACKGROUND

Ross filed his Class Action Complaint (ECF 1) on February 14, 2011 alleging that Defendants Res-Care Kansas, Inc. and Res-Care, Inc. failed to provide a clear, conspicuous, and stand-alone disclosure to job applicants that consumer reports would be used for employment purposes in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b(b)(2). Consequently, Defendants procured these consumer reports without any authorization from Ross and putative class members.  Ross also alleged that Defendants failed to provide pre-adverse action notice to job applicants, including a copy of the applicants' criminal background report and a statement of the applicants' rights as required by 15 U.S.C. § 1681b(b)(3).  During the August 29, 2011 scheduling conference, the parties agreed to bifurcate discovery, first addressing Res-Care's Inc.'s contention that it was merely a parent corporation not liable for the acts or omissions of its subsidiaries.   The scheduling order did not establish a deadline to amend pleadings.

Pursuant to the scheduling order (ECF 25), Ross took depositions of both Res-Care Inc., and Res-Care Kansas, Inc. employees regarding the companies' employment policies, practices and procedures related to the procurement and use of consumer reports for employment purposes.  On February 24, 2012, Defendants filed a Motion for Summary Judgment contending that ResCare, Inc. was not a proper party to the class action. (ECF 34).     Ross opposed Defendants' Motion by focusing largely on the fact that Res-Care, Inc. creates and disseminates all pertinent policies, practices and procedures regarding the procurement and use of consumer report by its agencies nationwide.  (ECF 40).  After the issue was fully briefed, the Court denied

Defendants' Motion  (ECF 45).

Ross' intention to proceed with further discovery regarding the substance of his claims was interrupted by Defendants' offer of judgment served on August 14, 2012.  Ross declined the offer and the Court held a telephone status conference on September 12, 2012 to discuss the Parties' respective positions regarding continued discovery and anticipated motion practice.  In short, Defendants claimed that the case should be stayed in its entirety pending decisions from both the Sixth Circuit and the Supreme Court regarding the applicability of Civ. R. 68 to moot class claims.

Since the status conference, counsel was retained by two additional Res-Care applicants, Jason Smith from Huntington, West Virginia and Jose Lopez from Laredo, Texas.  Both men applied for employment with Res-Care within the proposed class period, filled out similar applications and were rejected because of inaccurate consumer reports furnished by HireRight Solutions, Inc.  Ross seeks to amend his Class Action Complaint to include both Smith and Lopez as class representatives, who each assert claims against Res-Care, Inc.

## II.  LAW AND ARGUMENT

### A.  Legal Standard

Leave to amend pleadings "shall be freely given when justice so requires."   Civ. R. 15(a)(2); see *Clay v. City of Louisville Metro Gov't*, 2012 U.S. Dist. LEXIS 107505, 12-13 (W.D. Ky. July 31, 2012); *see also Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).  When considering a motion for leave to amend, a "district court, generally speaking, has considerable discretion in deciding whether to grant" the Rule 15(a)(2) motion. *Id; see  also Leisure Caviar, LLC v. United States Fish and Wildlife Serv*., 616 F.3d 612, 615 (6th Cir. 2010). A motion to amend a complaint should be denied if the amendment is brought in bad faith, for a

dilatory purpose, results in undue delay or prejudice to the opposing party, or would be futile. *Id.* When denying a motion to amend, a court must determine that there exists at least some significant showing of prejudice to the nonmoving party. *Id.* (citing *Cook v. Field Packing Co.*, LLC, 2006 U.S. Dist. LEXIS 37364, 2006 WL 1523233, at *2 (W.D. Ky. May 31, 2006)).   Such prejudice is generally found when an amended pleading asserts new theories of recovery or would require significant additional discovery.  *Id* at 15-16 (internal citations omitted).

### B.      Defendants would not be prejudiced by Ross' proposed amended pleading

Granting leave to add Smith and Lopez would not prejudice Defendants.  Both Smith and Lopez assert claims identical to those raised by Ross; neither Smith nor Lopez received a clear, conspicuous and stand-alone disclosure that consumer reports may be used for employment purposes.  15 U.S.C. § 1681b(b)(2).  And like Ross, neither Smith nor Lopez received any pre-adverse action notice under 15 U.S.C. § 1681b(b)(3).

The addition of Smith and Lopez would not necessitate further discovery.  The Parties have already addressed Res-Care, Inc. as a proper defendant, particularly where the human resource policies and procedures created by Res-Care and used nationwide are the same. Furthermore, there would be little additional discovery directly involving Smith and Lopez, all of which could be completed within the time frame established by the Court's September 14, 2012 order.  (ECF 50).  Where a proposed amended complaint would not greatly alter the nature of litigation and would not require defendants to undertake an entirely new course of discovery, leave should be granted.  *See McConnell v. Red Robin Int'l, Inc.,* 2012 U.S. Dist. LEXIS 53942 (N.D. Cal. Apr. 17, 2012); *see also Thomas v. Davie*, 847 F.2d 771, 773 (11th Cir. Fla. 1988) (unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial); s*ee also Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of*

*the Virgin Islands, Inc.*, 663 F.2d 419, 425 (3d Cir. 1981) (in the absence of substantial prejudice, denial must be grounded in bad faith or dilatory motives, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment).   Here, Defendants cannot demonstrate that Ross acted in bad faith or was dilatory by not adding Smith and Lopez sooner, as their claims were discovered only recently. Furthermore, Smith and Lopez's inclusion will not be futile or pointless, but rather underscores the effect of Res-Care's unlawful policies nationwide.

## III.    CONCLUSION

WHEREFORE, for the reasons as stated above, Plaintiff respectfully requests leave to file the attached proposed First Amended Complaint.

Respectfully submitted,

STUMPHAUZER, O'TOOLE, McLAUGHLIN, McGLAMERY & LOUGHMAN CO., LPA

By:     /s/ Matthew A. Dooley
        Matthew A. Dooley (admitted pro hac vice)
        Dennis M. O'Toole (admitted pro hac vice)
        Anthony R. Pecora (admitted pro hac vice)
        5455 Detroit Road
        Sheffield Village, Ohio  44054
        Telephone:      (440) 930-4001
        Facsimile:      (440) 934-7208
        Email:          mdooley@sheffieldlaw.com
                        dotoole@sheffieldlaw.com
                        apecora@sheffieldlaw.com

        and

CONSUMER LITIGATION ASSOCIATES, P.C.

/s/ Leonard A. Bennett
Leonard A. Bennett (admitted pro hac vice)
763 J. Clyde Morris Boulevard
Suite 1A
Newport News, Virginia 23601
Telephone:      (757) 930-3660
Facsimile:      (757) 930-3662
Email:          lenbennett@clalegal.com

*Counsel for Kevin Ross and the putative Class*

## <u>CERTIFICATE OF SERVICE</u>

This will certify that a copy of the foregoing Plaintiff's Motion for Leave to File First Amended Class Action Complaint was filed electronically this 27th day of September, 2012. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or via regular mail.

<div style="margin-left:50%">

/s/ Matthew A. Dooley
*Counsel for Kevin Ross and the putative Class*

</div>