IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| **KEVIN W. ROSS, JASON SMITH, JOSE LOPEZ, on Behalf of Themselves and All Others Similarly Situated**<br><br>Plaintiffs,<br><br>vs.<br><br>**RES-CARE, INC. , et al**<br><br>Defendants. | CASE NO. 3:11-CV-00083-JGH<br><br><br>UNITED STATES DISTRICT JUDGE<br>JOHN G. HEYBURN II |

**FIRST AMENDED CLASS ACTION COMPLAINT**

**(Jury Demand Endorsed Hereon)**

Now come the plaintiffs, Kevin W. Ross, Jason Smith and Jose Lopez, on behalf of themselves and all other similarly situated individuals, and allege the following claims:

### NATURE OF THE ACTION

1. This is a class action on behalf of consumers who were the subject of consumer reports obtained by Res-Care, Inc. and its subsidiaries and affiliates, including Res-Care Kansas, Inc., (collectively referred to as "Res-Care") as a precondition of employment with Res-Care between February 1, 2006 and the present, inclusive (the "Class Period") seeking remedies under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681a-1681x.

### JURISDICTION AND VENUE

2. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

3. Venue is proper in the Western District of Kentucky because a substantial part of the events or omissions giving rise to the allegations contained herein occurred in the Western District of Kentucky. *See* 28 U.S.C. § 1391(b). Further, Res-Care maintains a principal place of business in this judicial district.

**PARTIES**

4. Kevin W. Ross is a citizen of the State of Kansas and a "consumer" within the meaning of 15 U.S.C. § 1681a.

5. Jason Smith is a citizen of the State of West Virginia and a "consumer" within the meaning of 15 U.S.C. § 1681a.

6. Jose Lopez is a citizen of the State of Texas and a "consumer" within the meaning of 15 U.S.C. § 1681a.

7. Res-Care, Inc. is a for-profit corporation organized under the laws of the State of Kentucky with a principal place of business in Louisville, Kentucky. At all times relevant hereto, Res-Care, Inc. was doing business in 38 States throughout the United States under various trade names, including but not limited to Res-Care of West Virginia and Res-Care Texas.

8. Res-Care Kansas, Inc. is a for-profit corporation organized under the laws of the State of Delaware with a principal place of business in Louisville, Kentucky. At all times relevant hereto, Res-Care Kansas, Inc. was doing business throughout the State of Kansas.

9. Further, Res-Care Inc. and Res-Care Kansas are all "persons" using "consumer reports" to make "employment decisions" and take "adverse action" against "consumers", as those terms are defined by 15 U.S.C. § 1681a.

10. In the course of soliciting and hiring employees, Res-Care, Inc. does not distinguish between itself and its many affiliates, divisions and agencies, such that all applicants

apply with Res-Care, Inc.

## ALLEGATIONS AS TO ROSS

11. On or about March 31, 2009, Ross applied for employment with Res-Care at a facility in Wichita, Kansas.

12. As part of his job application, Ross signed a document purportedly authorizing Res-Care to only conduct an investigation of state, federal and local law enforcement records to confirm statements made regarding his criminal background.

13. The purported authorization was not clear, conspicuous or stand-alone, and did not authorize Res-Care to procure Ross' consumer report for employment purposes.

14. On or about April 15, 2009, Res-Care, without proper authorization from Ross, ordered a consumer report regarding Ross from HireRight Solutions, Inc. ("HireRight"), a consumer reporting agency as defined by 15 U.S.C. § 1681a. On that same date, HireRight provided Res-Care with a criminal background report, which grossly and inaccurately maligned him by reporting a 20-year-old expunged offense.

15. Immediately after receiving Ross' consumer report, Res-Care took adverse action against him by declining his employment.

16. At no time prior to declining Ross' employment, did Res-Care provide Ross with a copy of his consumer reports and a written statement of his rights prescribed by 15 U.S.C. § 1681g.

## ALLEGATIONS AS TO SMITH

17. In May, 2008, after being honorably discharged from the United States Navy, Smith applied for employment with Res-Care at a facility in Huntington, West Virginia.

18. As part of his job application, Smith signed a document purportedly authorizing

Res-Care to conduct an investigation of state, federal and local law enforcement records to confirm statements made regarding his criminal background.

19. The purported authorization was not clear, conspicuous or stand-alone, and did not authorize Res-Care to procure Smith's consumer report for employment purposes.

20. The Res-Care recruiter provided Smith with positive feedback about his credentials; however, the recruiter indicated that Smith must first pass a "background check".

21. On or about June 4, 2008, Res-Care, without proper authorization from Smith, ordered a consumer report regarding Smith from HireRight. On that same date, HireRight provided Res-Care with a criminal background report, which grossly and inaccurately maligned Smith, who has no criminal background, by reporting that he had passed bad checks.

22. Immediately after receiving Smith's consumer report, Res-Care took adverse action against him by declining his employment.

23. At no time prior to declining Smith's employment, did Res-Care provide Smith with a copy of his consumer reports and a written statement of his rights prescribed by 15 U.S.C. § 1681g.

## ALLEGATIONS AS TO LOPEZ

24. In or around July, 2010, Lopez, applied for employment with Res-Care at a facility in Laredo, Texas.

25. As part of his job application, Lopez signed a document purportedly authorizing Res-Care to conduct an investigation of state, federal and local law enforcement records to confirm statements made regarding his criminal background.

26. The purported authorization was not clear, conspicuous or stand-alone, and did not authorize Res-Care to procure Lopez's consumer report for employment purposes.

4

27. After the submission of his application, Res-Care, without proper authorization from Lopez, ordered a consumer report regarding Lopez from HireRight. On that same date, HireRight provided Res-Care with a criminal background report, which erroneously reported that Lopez was Jose "A." Lopez, an individual with an extensive criminal background.

28. Immediately after receiving Lopez's consumer report, Res-Care took adverse action against him by declining his employment.

29. At no time prior to declining Lopez's employment, did Res-Care provide Lopez with a copy of his consumer reports and a written statement of his rights prescribed by 15 U.S.C. § 1681g.

## ALLEGATIONS AS TO THE COMMON QUESTIONS

30. For at least five (5) years, Res-Care, either procured, or caused to be procured, consumer reports from HireRight or its affiliates for employment purposes.

31. Res-Care does not provide a clear, conspicuous, and stand-alone disclosure to job applicants as required by 15 U.S.C. § 1681b(b)(2) prior to obtaining these criminal background reports from consumer reporting agencies that traffic in the reputations of America's workforce.

32. Consequently, Res-Care procures consumer reports without any authorization from the applicants about whom the reports relate.

33. Further, Res-Care never provides applicants with a copy of their consumer report and a written statement of rights prescribed by 15 U.S.C. § 1681g before declining employment based in whole or in part on information contained in a consumer report.

34. Res-Care's violations of the FCRA have been willful, wanton and reckless in that Res-Care knew, or reasonably should have known, that it was failing to comply with the requirements of the FCRA.

35. 15 U.S.C. § 1681n(a) permits a consumer to recover statutory and punitive damages, together with attorney fees and costs for willful violations of the FCRA.

## CLASS ACTION ALLEGATIONS

36. Pursuant to F. R. Civ. P. 23, Ross, Smith and Lopez bring this action on behalf of the Class initially defined below:

> All employees or prospective employees of Res-Care who were the subject of a consumer report, which was used by Res-Care for employment purposes during the applicable limitations period as established by 15 U.S.C. § 1681p, preceding the filing of this action and during its pendency.

37. Ross, Smith and Lopez also allege the following sub-classes, of which they are members:

> a. All employees or prospective employees of Res-Care who were the subject of a consumer report, which was used by Res-Care to make employments decision during the applicable limitations period as established by 15 U.S.C. § 1681p, preceding the filing of this action and during its pendency, and to whom Res-Care did not provide a clear, conspicuous, and stand-alone disclosure that Res-Care intended to procure a consumer report as required by 15 U.S.C. § 1681b(b)(2)(A)(i);
>
> b. All employees or prospective employees of Res-Care who were the subject of a consumer report, which was used by Res-Care to make employments decision during the applicable limitations period as established by 15 U.S.C. § 1681p, preceding the filing of this action and during its pendency, and did not authorize in writing, Res-Care to procure a consumer report as required by 15 U.S.C. § 1681b(b)(2)(A)(ii);
>
> c. All employees or prospective employees of Res-Care who were the subject of a consumer report, which was used by Res-Care to make employments decision during the applicable limitations period as established by 15 U.S.C. § 1681p, preceding the filing of this action and during its pendency, and against whom Res-Care took adverse action

        based in whole or in part on information contained in the consumer report before providing a copy of the consumer report as required by 15 U.S.C. § 1681b(b)(3)(A)(i);

    d.    All employees or prospective employees of Res-Care who were the subject of a consumer report, which was used by Res-Care to make employment decisions during the applicable limitations period as established by 15 U.S.C. § 1681p, preceding the filing of this action and during its pendency, and against whom Res-Care took adverse action based in whole or in part on information contained in the consumer report before providing a description in writing of the rights of the consumer as required by 15 U.S.C. § 1681b(b)(3)(A)(ii);

38.    Upon information and belief, the putative Class exceeds 10,000 members. Information concerning the exact size of the putative class is within the exclusive possession of Res-Care.

39.    The Class members are so numerous that joinder of all members is impracticable.

40.    Ross, Smith and Lopez's claims are typical of the claims of the other Class members as all Class members were similarly affected by Res-Care's unlawful conduct in violation of the FCRA.

41.    Ross, Smith and Lopez will fairly and adequately protect the interest of the Class members and have retained counsel competent and experienced in complex litigation. Ross, Smith and Lopez are members of the Class and all sub-classes, and do not have any interests antagonistic to or in conflict with the members of the Class. Ross, Smith and Lopez's claims are the same as those of the Class, which all arise from the same operative facts and are based upon the same legal theories.

42.    Common questions of law and fact exist as to all Class members and predominate over any questions solely affecting individual Class members, including:

    a.    Whether Res-Care violated 15 U.S.C. § 1681b(b)(2)(A)(i) by failing to make a "clear and conspicuous" disclosure to consumers that a consumer report may be used for employment purposes in a document that consists solely of the disclosure;

    b.    Whether Res-Care obtained written authorizations from consumers to procure consumer reports for employment purposes as required by 15 U.S.C. § 1681b(b)(2) (A)(ii);

    c.    Whether Res-Care provided a copy of the consumer report to consumers before taking adverse action against such consumers based in whole or in part on information contained in the consumer report as required by 15 U.S.C. § 1681b(b)(3)(A)(i);

    d.    Whether Res-Care provided a copy of a summary of the consumers' rights under the FCRA before taking action against such consumers based in whole or in part on information contained in the consumer report as required by 15 U.S.C. § 1681b(b)(3)(A)(ii);

    g.    Whether Res-Care knowingly and intentionally acted in conscious disregard of the rights of the consumer;

43. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because the membership of the Class is so numerous and involves claims that, taken individually, may not justify the costs and effort of bringing suit.

44. Further, the prosecution of several actions by individual members of the Class would create a risk of varying adjudications with respect to members of the Class, as well as create inconsistent standards of conduct for those opposing the Class. Additionally, individual actions by members of the Class may be dispositive of the interests of other members not parties to the adjudication of the claim, which would impair or impede the ability of those individuals to protect their interests.

**COUNT ONE – CLASS CLAIM**
**FAILURE TO PROVIDE A CLEAR, CONSPICUOUS,**
**AND STAND-ALONE DISCLOSURE**
**15 U.S.C. § 1681b(b)(2)(A)(i)**

45. Ross, Smith and Lopez reallege and incorporate by reference all preceding allegations of law and fact.

46. Res-Care willfully violated 15 U.S.C. § 1681b(b)(2)(A)(i) by failing to provide a clear and conspicuous written disclosure in a document that consists solely of the disclosure to applicants and employees that a consumer report may be obtained for employment purposes.

47. Ross, Smith, Lopez and the Class members seek statutory damages for this violation pursuant to 15 U.S.C. § 1681n(a)(1)(A).

48. Ross, Smith, Lopez and the Class members also seek punitive damages for this violation pursuant to 15 U.S.C. § 1681n(a)(2).

49. In the alternative to the allegations that these violations were willful, Ross, Smith, Lopez and the Class members allege that the violations were negligent and seek issue certification of that issue and an appropriate remedy, if any, pursuant to 15 U.S.C. § 1681o.

**COUNT TWO – CLASS CLAIM**
**FAILURE TO OBTAIN PROPER AUTHORIZATION**
**15 U.S.C. § 1681b(b)(2)(A)(ii)**

50. Ross, Smith and Lopez reallege and incorporate by reference all preceding allegations of law and fact.

51. Res-Care willfully violated 15 U.S.C. § 1681b(b)(2)(A)(ii) by failing to obtain a valid authorization in writing from Ross, Smith, Lopez and the Class members to procure a consumer report for employment purposes.

52. Ross, Smith, Lopez and the Class members seek statutory damages for this

violation pursuant to 15 U.S.C. § 1681n(a)(1)(A).

53. Ross, Smith, Lopez and the Class members also seek punitive damages for this violation pursuant to 15 U.S.C. § 1681n(a)(2).

54. In the alternative to the allegations that these violations were willful, Ross, Smith, Lopez and the Class members allege that the violations were negligent and seek issue certification of that issue and an appropriate remedy, if any, pursuant to 15 U.S.C. § 1681o.

### COUNT THREE – CLASS CLAIM
### FAILURE TO PROVIDE PRE-ADVERSE ACTION NOTICE – COPY OF REPORT
### 15 U.S.C. § 1681b(b)(3)(A)(i)

55. Ross, Smith and Lopez reallege and incorporate by reference all preceding allegations of law and fact.

56. Res-Care willfully violated 15 U.S.C. § 1681b(b)(3)(A)(i) by failing to provide a copy of the consumer report used to make an employment decision to Ross, Smith, Lopez and the Class Members before taking adverse action that was based in whole or in part on that report.

57. Ross, Smith, Lopez and the Class members seek statutory damages for this violation pursuant to 15 U.S.C. § 1681n(a)(1)(A).

58. Ross, Smith, Lopez and the Class members also seek punitive damages for this violation pursuant to 15 U.S.C. § 1681n(a)(2).

59. In the alternative to the allegations that these violations were willful, Ross, Smith, Lopez and the Class members allege that the violations were negligent and seek issue certification of that issue and an appropriate remedy, if any, pursuant to 15 U.S.C. § 1681o.

### COUNT FOUR – CLASS CLAIM
### FAILURE TO PROVIDE PRE-ADVERSE ACTION NOTICE – SUMMARY OF RIGHTS
### 15 U.S.C. § 1681b(b)(3)(A)(ii)

60. Ross, Smith and Lopez reallege and incorporate by reference all preceding

allegations of law and fact.

61     Res-Care willfully violated 15 U.S.C. § 1681b(b)(3)(A)(ii) by failing to provide a copy of the summary of rights required by this section to Ross, Smith, Lopez and the Class Members before taking adverse action that was based in whole or in part on a consumer report.

62.    Ross, Smith, Lopez and the Class members seek statutory damages for this violation pursuant to 15 U.S.C. § 1681n(a)(1)(A).

63.    Ross, Smith, Lopez and the Class members also seek punitive damages for this violation pursuant to 15 U.S.C. § 1681n(a)(2).

64.    In the alternative to the allegations that these violations were willful, Ross, Smith, Lopez and the Class members allege that the violations were negligent and seek issue certification of that issue and an appropriate remedy, if any, pursuant to 15 U.S.C. § 1681o.

**WHEREFORE,** Ross, Smith and Lopez and the putative class respectfully pray for the following relief:

    A.    An order certifying the proposed classes herein pursuant to Fed. R. Civ. P. 23 and appointing the undersigned counsel to represent same;

    B.    The creation of a common fund available to provide notice of and remedy Res-Care's unlawful conduct;

    C.    Statutory and punitive damages for all class claims;

    D.    Attorney fees, expenses and costs;

    E.    Pre-judgment and post-judgment interest as provided by law; and

    F.    Such other relief as the Court deems just and proper.

        Respectfully submitted,

        STUMPHAUZER, O'TOOLE, McLAUGHLIN,
        McGLAMERY & LOUGHMAN CO., LPA

    By:  /s/ Matthew A. Dooley
        Matthew A. Dooley (OH Bar 0081482)
        Dennis M. O'Toole (OH Bar 0003274)
        Anthony R. Pecora (OH Bar 0069660)
        5455 Detroit Road
        Sheffield Village, Ohio 44054
        Telephone: (440) 930-4001
        Facsimile: (440) 934-7208
        Email:  mdooley@sheffieldlaw.com
            dotoole@sheffieldlaw.com
            apecora@sheffieldlaw.com

        CONSUMER LITIGATION ASSOCIATES, P.C.

        /s/ Leonard A. Bennett
        Leonard A. Bennett (admitted pro hac vice)
        763 J. Clyde Morris Boulevard
        Suite 1A
        Newport News, Virginia 23601
        Telephone: (757) 930-3660
        Facsimile: (757) 930-3662
        Email:  lenbennett@clalegal.com

        *Counsel for Ross, Smith and Lopez and the putative Class*

## JURY DEMAND

Ross demands a trial by a jury of eight (8) as to all issues presented herein.

            /s/ Matthew A. Dooley

## **CERTIFICATE OF SERVICE**

      I hereby certify I have electronically filed this First Amended Class Action Complaint with the Court Clerk using the CM/ECF system which automatically sends email notification to the attorneys of record on _____, 2012.

      /s/_____
      Matthew A. Dooley
      *Counsel for Ross, Smith and Lopez and the putative Class*